UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert McDaniel Cox, | ) C/A No. 2:11-2811-PMD-BHH |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| Bristow Marchant;<br>David C. Norton;<br>James A. Stuckey, and<br>William J. Thrower, | ) |
| Defendants. | ) |

This is a civil action filed by a *pro se* litigant appearing *in forma pauperis*. Pursuant to 28 U.S.C. §636(b)(1), and Local Civil Rule 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court.

In the Complaint submitted in this case, Plaintiff claims that four Defendants violated his constitutional rights in connection with their "involvement in Civil Case No. 2:09-CV-2715-DCN-BM." Defendants are a United States Magistrate Judge and a United States District Judge of this Court and the two attorneys who represented the opposing parties in that case, which involved search and seizure and other constitutional-violations claims made by Plaintiff against two South Carolina Highway Patrol Troopers. The undersigned takes judicial notice of the fact that Magistrate Marchant and District Judge Norton were the judges assigned to Civil Case No. 2:09-CV-2715-DCN-BM, that the case ended with a final summary judgment entered against Plaintiff and in favor of the defendants, and that Plaintiff did not appeal the final summary judgment to the Fourth Circuit Court of Appeals. *See*

*Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970)(a federal court may take judicial notice of the contents of its own records).

Instead of appealing what he seems to see as an incorrect decision by this Court to the appropriate appellate court, Plaintiff filed this civil case in which he seeks damages from Defendant judges and opposing counsel. He generally and broadly claims that the rulings and proceedings in Civil Case No. 2:09-CV-2715-DCN-BM show "willful ignorance" of the United States Constitution on the part of Defendants, and he further claims that the summary judgment entered against him violated his right to a trial by jury. Other than the mention of the entry of the summary judgment against him, Plaintiff does not provide any type of factual background in his Complaint indicating which particular rulings and/or proceedings caused him damages and he makes no specific allegations of personal wrongdoing against any individual Defendant. Instead, his allegations are couched in broad, conclusory, and collective terms, lumping all Defendants together and claiming that undisclosed activities and/or actions on their parts violated undisclosed constitutional rights. Plaintiff seeks both compensatory and punitive damages for undisclosed "injuries," a reprimand of Defendants, and an injunction requiring a trial in Civil Action No. 2:09-CV-2715-DCN-BM.

## Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint filed by Plaintiff in this case. The review was conducted pursuant to 28 U.S.C. § 1915 (as amended), and other provisions in the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v.*

*Kerner*, 404 U.S. 519, 520-21 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* complaints liberally. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Department of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Analysis

Initially, the Complaint submitted by Plaintiff to open this case is subject to summary dismissal because it is in violation of the directive in Federal Rule of Civil Procedure 8(a) that pleadings shall contain "short and plain statement[s]" of the basis for the court's jurisdiction and of the basis for Plaintiff's claims against Defendants. While the "liberal pleading requirements" of Rule 8(a) only require a "short and plain"statement of the claim, the plaintiff must "offer more detail . . . than the bald statement that he has a valid claim of some type against the defendant." *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001)

(internal citations omitted). It is true that we are bound to liberally construe Plaintiff's *pro se* Complaint, but Plaintiff must do more than make mere conclusory statements to support his claim. *Brown v. Zavaras*, 63 F.3d 967 (10th Cir. 1995); *see Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994)(affirming district court's dismissal of plaintiff's suit as frivolous where allegation was conclusory and nonsensical on its face); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989)(same, where plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion"). It is well settled that federal courts performing their duties of construing *pro se* pleadings are not required to be "mind readers" or "advocates" for *pro se* litigants. *See Beaudett v. City of Hampton*, 775 F.2d at 1278); *Gordon v. Leeke*, 574 F.2d at 1151.

As stated above, Plaintiff fails to provide the Court with any factual background for the claims he attempts to raise in this case. Although he has named four Defendants and broadly claims that they violated many of his constitutional rights in connection with their "involvement" in a previous case that Plaintiff filed in this Court, he does state what the "involvement" consisted of and, other than an allegation that the entry of summary judgment in the prior case violated his right to a jury trial, a claim that is not legally sound,[1] he does not tell the Court what actions and/or activities of which Defendants he is complaining about nor does he explain how he was injured and by whom. As a result, it

---

[1] The summary judgment procedure used in federal courts in governed by Federal Rule of Civil Procedure 56 and has been found constitutional by numerous courts. In 1995, the District of Kansas was faced with nearly identical claims from *pro se* litigants and, citing United States Supreme Court precedent, found them to be frivolous. *De Young v. Lorentz*, 887 F. Supp. 254, 258, 258n.3 (D. Kan. 1995), *aff'd*, 69 F. 3d 547 (10th Cir. 1995), *cert. denied*, 517 U.S. 1198 (1996)(citing *Fidelity & Deposit Co. v. U. S. ex rel. Smoot*, 187 U.S. 315, 319-21 (1902) ("summary judgment, when applied properly, does not violate the Seventh Amendment")).

is impossible to determine which, if any, allegations of wrongdoing are made with respect to each Defendant and what, if any, injury each Defendant caused and how it was caused. While the Court can infer that his claim about the entry of summary judgment is applicable to the two judges who were intimately involved in the summary judgment ruling, in absence of even a mention of the two opposing counsel Defendants within the body of the Complaint, much less any person-specific allegations against them, no such inference from the minimal facts provided is available as to those Defendants. Simply saying that a person is ignorant or that he or she violated some right without any indication of what actions took place, who took the actions, and how the actions violated which constitutional right does not suffice to state any viable legal claim against anyone. Due to the lack of factual allegations of specific wrongdoing attributable to specific Defendants and the lack of factual background in support of the claims made, the Complaint is both frivolous and fails to state a claim on which relief may be granted. *See Cochran v. Morris*, 73 F.2d 1310 (4th Cir. 1996)(statute allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless); *Weller v. Dep't of Social Servs.*, 901 F.2d at 389 (dismissal proper where there were no allegations against defendants); *see also Inmates v. Owens*, 561 F.2d 560, 562-63 (4th Cir. 1977)(dismissing a *pro se* complaint for improper pleading); *Holsey v. Collins*, 90 F.R.D. 122, 128 (D. Md. 1981). Because of the conclusory and collective, yet factually bare, nature of Plaintiff's pleading, it fails to state a viable claim against any Defendant is should be summarily dismissed.

Moreover, even if the Court were able to liberally construe Plaintiff's broad and conclusory allegations in a way to state a potentially viable § 1983[2] claim against some or all Defendants, the Complaint would be subject to summary dismissal for failure to state a claim against anyone.  First, to the extent that Plaintiff seeks damages from Judge Norton and Magistrate Judge Marchant based on their "involvement" and rulings in Civil Action No. 2:09-CV-2715-DCN-BM, his suit is barred by the doctrine of judicial immunity.  As the Fourth Circuit has stated relevant to the reasons for the doctrine of absolute immunity for judges:

> The absolute immunity from suit for alleged deprivation of rights enjoyed by judges is matchless in its protection of judicial power.  It shields judges even against allegations of malice or corruption. . . .  The rules is tolerated, not because corrupt or malicious judges should be immune from suit, but only because it is recognized that judicial officers in whom discretion is entrusted must be able to exercise discretion vigorously and effectively, without apprehension that they will be subjected to burdensome and vexatious litigation.

*McCray v. Maryland*, 456 F.2d 1, 3 (4th Cir. 1972)(citations omitted), *overruled on other grounds*, *Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995).

The doctrine of absolute immunity for acts taken by a judge in connection with his or her judicial authority and responsibility is well established and widely recognized.  *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)(judges are immune from civil suit for actions taken in their judicial capacity, unless "taken in the complete absence of all jurisdiction."); *Stump v. Sparkman*, 435 U.S. 349, 359 (1978)("A judge is absolutely immune from liability

---

[2] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law.  *Jett v. Dallas Indep. School Dist.*, 491 U.S. 701, 731-32 (1989).  The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails.  *Wyatt v. Cole*, 504 U.S. 158, 161 (1992).

for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987)(a suit by South Carolina inmate against two Virginia magistrates); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985)("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."); *see also Siegert v. Gilley*, 500 U.S. 226 (1991)(immunity presents a threshold question which should be resolved before discovery is even allowed); *Burns v. Reed*, 500 U.S. 478 (1991)(safeguards built into the judicial system tend to reduce the need for private damages actions as a means of controlling unconstitutional conduct); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)(absolute immunity "is an immunity from suit rather than a mere defense to liability"). Nowhere in his Complaint does Plaintiff allege that the judges operated in absence of jurisdiction in Civil Action No. 2:09-CV-2715-DCN-BM, and it is obvious that what he is upset about are the judicial rulings made in the case. Such rulings were made as part of these Defendants' judicial duties and they are absolutely immune from Plaintiff's request for damages allegedly arising from those rulings.

Furthermore, to the extent that Plaintiff's Complaint could be liberally construed as seeking injunctive relief against Judges Norton and/or Marchant, any such claim is barred by 42 U.S.C. § 1984, which states in pertinent part,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, *except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable*.

7

*Id.* (emphasis added).  Since there are no allegations that any declaratory decree was violated by any Defendant and since declaratory relief would be available to Plaintiff if properly and adequately pled, any claim for injunctive relief against these two judicial officers is statutorily barred.  *Catanzaro v. Cottone*, 228 Fed. Appx. 164 (3d Cir. 2007); *Esensoy v. McMillan*, No. 06-12580, 2007 WL 257342 (11th Cir. Jan 31, 2007).    Finally, even if the Complaint contained sufficient factual background and specific allegations of wrongdoing against them and could, therefore, be liberally construed as raising potentially viable § 1983 claims against the two opposing attorney Defendants, it would still be subject to summary dismissal for failure to state a claim upon which relief may be granted.  In order to state a claim for damages under § 1983, an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws"  by a "person" acting "under color of state law."  *See* 42 U.S.C. § 1983; *Monroe v. Page*, 365 U.S. 167 (1961); *see generally*  5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002).  Defendants Stuckey and Thrower, both attorneys in private practice, did not act under color of state law in connection with their legal representation of the defendants in  Civil Action No. 2:09-CV-2715-DCN-BM.  As a result, Plaintiff's Complaint fails to state a viable § 1983 claim against either of these Defendants.  An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983.  *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976)(private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980)(court-appointed attorney); *Polk County v. Dodson*, 454 U.S. 312, 317-24 (1981)(public defender); *see also Lugar v. Edmondson Oil Co.*, 457

U.S. 922, 936 (1982)("Careful adherence to the 'state action' requirement . . . also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.").

Other than a possible, though, as stated above, non-viable claims under § 1983, no other potential basis for the exercise of federal question jurisdiction in this case is evident from the face of the pleading. Additionally, it is clear from the face of the pleadings that there is no basis on which Plaintiff could assert that there is federal diversity jurisdiction over his Complaint because Plaintiff and all Defendants are residents of the state of South Carolina. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 (1978)(diversity of citizenship requires that no party on one side of a case may be a citizen of the same state as any party on the other side). In absence of either federal question or diversity of citizenship jurisdiction over Plaintiff's allegations, this case is subject to summary dismissal.

## **Recommendation**

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice*. *See United Mine Workers v. Gibbs,* 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. at 324-25. Plaintiff's attention is directed to the important notice on the next page.

                                              s/Bruce Howe Hendricks
                                              United States Magistrate Judge

October 31, 2011
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).